UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Key West Division

**CASE NO. 13-CR-10022-MARTINEZ-SNOW**

UNITED STATES OF AMERICA

       Plaintiff,

vs.

RYAN WITTEN

       Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant's Motion to Suppress Physical Evidence (D.E. No. 21), which was filed on August 26, 2013. The Defendant seeks to suppress all physical evidence seized from his car and duffel bag following his arrest on September 1, 2012, on the grounds that the arresting officer searched his car without a warrant and without his consent.

The Court referred the Defendant's motion to United States Magistrate Judge Lurana Snow for a Report and Recommendation on August 28, 2013, pursuant to 28 U.S.C. § 636. (D.E. No. 22). Magistrate Judge Snow conducted an evidentiary hearing on September 6, 2013 (D.E. No. 28), and issued her Report and Recommendation on September 13, 2013 (D.E. No. 29). Finding that the search of Defendant's vehicle was a lawfully conducted inventory search and based on Defendant's valid consent, the Magistrate Judge recommended that this Court deny the Defendant's Motion to Suppress Physical Evidence. (D.E. No. 29). Thereafter, Defendant filed his objections to the Report and Recommendation (D.E. No. 31), arguing that in addition to

the non-consensual search of his car and locked duffel bag, which was contained in the trunk of his car, the Key West Police Department's ("KWPD['s]") review of the DVDs/CDs, tapes and other media discovered in Defendant's locked duffel bag ultimately constituted a third violation of his Fourth Amendment rights. (D.E. No. 31 at 2). In its Response to Defendant's Objections to Report and Recommendation (D.E. No. 32), the Government submits that Defendant voluntarily consented to KWPD Sergeant Detective Pablo Rodriguez's ("Sgt. Rodriguez['s]") request to look through the items in his car, including the duffel bag and the contents within, which resulted in the discovery of child pornography. (D.E. No. 32 at 3).

The Court has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation, examined the exhibits submitted at the evidentiary hearing, and fully considered the Defendant's objections, as well as the Government's response. After careful consideration, the Court affirms and adopts the Report and Recommendation for the reasons set forth herein.

## Relevant Background

Magistrate Judge Snow held an evidentiary hearing on Defendant's Motion to Suppress Physical Evidence on September 6, 2013. At that time, the Government presented two witnesses, Detective Todd Stevens and Sgt. Rodriguez of the KWPD, and admitted five exhibits as evidence. (D.E. No. 29 at 1-6). Defendant admitted one exhibit, the Key West Police Department Incident Report completed by Sgt. Rodriguez. *Id.* at 6. The Magistrate Judge included her Findings of Fact from the suppression hearing in her Report and Recommendation of September 13, 2013.

As set forth in his objections, Defendant alleges that the search undertaken by the KWPD constitutes three violations of his Fourth Amendment Rights. Defendant challenged the legality of the search of his car and a locked duffel bag contained in the trunk of his car in his Motion to Suppress Physical Evidence, but added a third violation in his objections based on testimony and argument which developed during the suppression hearing. Namely, Defendant now also challenges the KWPD's review of the DVDs/CDs, tapes, and other media found inside his locked duffel bag in the absence of a search warrant. (D.E. No. 31 at 2). Each search is considered separately herein.

### Search of Defendant's Car

Defendant argues that the KWPD conducted a warrantless, non-consensual search of the trunk of his car. *Id.* At the time of the search, however, Sgt. Rodriguez had probable cause to arrest Defendant for the charge of video voyeurism, a third degree felony offense under Fla. Stat. § 810.145. Pursuant to KWPD General Order 03.44, "Vehicle Towing and Impounding," an arrest triggers Section 03.44.02.01(A), which outlines the responsibility of the arresting officer "[w]hen the custodial arrest of a person who was inside and in control of a motor vehicle that was either stopped, parked, or in motion, would cause the vehicle to be left unattended." (Exhibit No. 3 at 2). The Department's policy expressly requires the arresting officer to assume control of the vehicle and tow it when, among other reasons, it cannot be legally parked and secured. *Id.*

As presented during the suppression hearing, the evidence suggests that when KWPD officers pulled Defendant over, he was heading the wrong way on a one-way street, and blocking the intersection at which he had just made a turn. (D.E. No. 29 at 4). Upon arrest, Defendant

was taken to jail and there were no adults present at the site of the traffic stop, other than the officers, to secure his car. (*Id.* at 5). Accordingly, Defendant's vehicle was towed to the police station for impounding. *Id.* Defendant's reference to General Order 03.44.02.02 is misguided as there has been no allegation that his vehicle was direct evidence of a crime. The officers' authority to tow Defendant's vehicle is derived from Section 03.44.02.01(A).

Because Defendant's car was justifiably towed upon his being placed under arrest, Section 03.44.03.01 of the KWPD's General Order on Vehicle Towing and Impounding required "an inventory of contents . . . in accordance with General Order 03.36 'Search and Seizure.'" (Exhibit No. 3 at 5). KWPD's General Order 03.36, "Search and Seizure," provides that vehicles may be searched "[p]ursuant to an inventory search following the arrest of the occupant(s) of the vehicle," during which "[o]fficers are authorized to conduct an entire search of a vehicle to include any open or closed containers incident to the arrest of an occupant." (Exhibit No. 4 at 3). Locked containers found during a vehicle search may be opened if valid consent is first obtained, or pursuant to an inventory search. *Id.* at 4.

To uphold a search as lawful under the inventory search doctrine, "the police must first have the authority to impound the vehicle and must then follow the procedures outlined in the policy." *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991). A review of the KWPD's policies in conjunction with the facts of this case sustain a finding that Defendant's car was searched as part of a lawfully conducted inventory search. Any evidence seized from the inside of Defendant's car, therefore, was obtained as the result of a lawful search.

### Search of Locked Duffel Bag Found Inside Defendant's Trunk

During the course of the inventory search, law enforcement found a locked duffel bag inside of Defendant's trunk. The contents of that duffel bag included a laptop computer, an external hard drive, a tool box, and two additional bags containing cassettes, data cartridges, media storage discs, and CDs, among other things. (Exhibit A at 2). Defendant challenges the legality of this search, which was conducted at the police station, claiming it too did not comport with the search and seizure requirements of the Fourth Amendment. (D.E. No. 31 at 5). For the reasons set forth herein, and in accordance with Magistrate Judge Snow's Report and Recommendation, this Court disagrees with Defendant's argument.

After being placed under arrest and advised of his *Miranda* rights, Defendant spoke with Sgt. Rodriguez at the police station. During a brief conversation held en route to the interview room and prior to commencing the recorded interview, Sgt. Rodriguez told Defendant that he could help him by letting him look at "his things." (D.E. No. 29 at 10). When Defendant asked, "What things?" Sgt. Rodriguez specified the duffel bag and other items in Defendant's car. *Id.* Knowing the scope of the impending search, Defendant then responded, "OK." At the conclusion of the recorded interview, Defendant also produced the key to the duffel bag from his pocket at Sgt. Rodriguez's request. *Id.* at 11.

Because this Court finds that the search of Defendant's car constituted a valid inventory search conducted pursuant to KWPD's "Search and Seizure" policy (Exhibit No. 4), the inspection of any locked containers found therein, including the duffel bag, was permissible. When a vehicle is lawfully impounded, "the law enforcement officer may conduct an inventory search, including a search of closed containers, provided the search is conducted pursuant to

5

standardized criteria." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992). Upon lawfully impounding Defendant's vehicle, therefore, KWPD officers' inspection of the contents of the locked duffel bag was justified.

In addition to falling well within the framework of a lawfully conducted inventory search, the Court will also note that Defendant voluntarily consented to the search of the items contained in his car, including the duffel bag. In his post-*Miranda* conversation with Sgt. Rodriguez, Defendant explicitly stated "OK" after being told that it would be helpful to let officers go through his belongings, including the duffel bag and other items. (D.E. No. 29 at 10-11). Arguing that he never consented to a search of his duffel bag, Defendant submits that although he initially did "agree[] to talk and said 'okay' when asked if the officer could look at his personal effects, Defendant later advised the detective that he no longer wishe[d] to talk to him and the conversation ended." (D.E. No. 31 at 5). Defendant also points out that the search of his locked duffel bag took place after he ended the interview with the detectives. *Id.* at 6. Defendant provides no authority to support the position that terminating an interview with detectives somehow invalidates any previously expressed consent to a search. Further, the fact that officers only searched the duffel bag after Defendant ended the interview is inconsequential to the assessment of the legality of the search. Based on Defendant's valid consent, therefore, the search of the duffel bag was lawful.

### Search of Media in the Locked Duffel Bag

The same principles that uphold the validity of the KWPD's search of Defendant's car and locked duffel bag justify the inspection of the media contained inside the locked duffel bag. Defendant argues that the detectives' viewing of the CDs, tapes, and other media without his

consent or a search warrant exceeded what is authorized as part of an inventory search and violated his Fourth Amendment rights. (D.E. No. 31 at 6-7). As evidence discovered during the course of a valid inventory search, however, the contents of the media are admissible. *U.S. v. Bell*, No. 12-20775-CR, 2013 WL 221500, at *6 (S.D. Fla. Jan. 18, 2013) (citing *Illinois v. Lafayette*, 462 U.S. 640, 648 (1983); *South Dakota v. Opperman*, 428 U.S. 364, 372-73 (1976)). Further, although Defendant notes that "there was nothing about the CDs, tapes or cassettes - such as labeling - which indicated the nature of their topic," law enforcement officers were nevertheless permitted to seize these items and conduct an investigation. *Bell*, 2013 WL 221500 at *6 (holding that contraband discovered during the course of a valid inventory search may be seized by police even if items are not so obviously illegal as drugs and weapons) (citing *United States v. Susini*, 261 Fed. App'x 270, 274 (11th Cir. 2008) (credit cards); *United States v. McCroy*, 102 F.3d 239, 239-40 (6th Cir. 1996) (pawn shop tickets)).

Notwithstanding the KWPD's right to search Defendant's vehicle and the contents of locked containers during the course of its inventory search, Defendant also voluntarily consented to a search of the items contained in his car. Defendant not only assented to a search of "the duffel bag and other items in [his] car" (D.E. No. 29 at 10), but also produced the key to the duffel bag. At that point, through his words, gesture, and conduct, Defendant consented to a search of the media contained in his duffel bag. Under these circumstances, the inspection of the items discovered in Defendant's duffel bag was lawful.

## Conclusion

After careful consideration, the Court affirms and adopts Magistrate Judge Snow's Report and Recommendation (D.E. No. 29). Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge Snow's Report and Recommendation (D.E. No. 29) is **AFFIRMED** and **ADOPTED**. Accordingly, it is **ADJUDGED** that Defendant's Motion to Suppress Physical Evidence (D.E. No. 21) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of October, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All Counsel of Record